UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TORREY HARRISON,            )
                            )
        Plaintiff           )
                            )
v.                          )    No. 2:13-cv-123-DBH
                            )
GRANITE BAY CARE, INC.,     )
                            )
        Defendant           )


RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT

The defendant, Granite Bay Care, Inc., moves for summary judgment in this case in which the plaintiff, Torrey Harrison, alleges that the defendant fired her in violation of the Maine Whistleblowers Protection Act and the Maine Human Rights Act. I recommend that the court grant the motion.

I. Legal Standard

A. Federal Rule of Civil Applicable Procedure 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Rodríguez-Rivera v. Federico Trilla Reg'l Hosp. of Carolina*, 532 F.3d 28, 30 (1st Cir. 2008) (quoting *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)). "A fact is material if it has the potential of determining the outcome of the litigation." *Id.* (quoting *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Santoni,* 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(c). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

### B. Local Rule 56

The evidence that the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the local rules of this district. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record citation. *See id*. The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial or qualification with an appropriate record citation. *See id*. The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record

citation. *See id*. The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement. *See* Loc. R. 56(d). Again, each denial or qualification must be supported by an appropriate record citation. *See id*.

Failure to comply with Local Rule 56 can result in serious consequences. "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(f). In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact." *Id*.; *see also, e.g., Sánchez-Figueroa v. Banco Popular de P.R.*, 527 F.3d 209, 213-14 (1st Cir. 2008); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

## II. Factual Background

The parties' statements of material facts include the following appropriately supported undisputed material facts in accordance with the court's Local Rule 56.

The defendant hired the plaintiff as Training Director in March 2010. Defendant's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment ("Defendant's SMF") (ECF No. 21) ¶ 1; Plaintiff's Response to Defendant's Statement of Undisputed Material Facts and Plaintiff's Statement of Material Facts ("Plaintiff's Responsive

SMF") (ECF No. 24) ¶ 1.[1] The plaintiff was responsible for managing the training department and delivering training. Plaintiff's Statement of Material Facts ("Plaintiff's SMF") (included in Plaintiff's Responsive SMF beginning at [12]) ¶ 2; Defendant's Response to Plaintiff's Statement of Material Facts ("Defendant's Responsive SMF") (ECF No. 28) ¶ 2. The plaintiff filed a report with the Department of Health and Human Services ("DHHS") on September 16, 2010, which identified six areas of concern. Defendant's SMF ¶ 2; Plaintiff's Responsive SMF ¶ 2. Between 500 and 600 reports of reportable events are filed with DHHS annually by employees of the defendant. *Id*. ¶ 3.[2]

The defendant is a private corporation that provided services to adults in Maine with cognitive and physical disabilities. Plaintiff's SMF ¶ 11; Defendant's Responsive SMF ¶ 11. Prior to the plaintiff's employment by the defendant, it had been struggling with its relationship with DHHS. *Id*. ¶ 5. The defendant thought that hiring the plaintiff would make it look good in the eyes of DHHS. *Id*. ¶ 6. The plaintiff performed her duties very well. *Id*. ¶ 8. She was an excellent trainer. *Id*. Throughout her employment, the plaintiff reported to Ken Olson, Operations Director, and he reported to Gregory Robinson, State Director. *Id*. ¶ 9.

The plaintiff's job description did not include filing reports with DHHS, nor any of the items in the report she filed with DHHS, which involved payment of the defendant's workers and clients, payment of electrical bills, maintenance of alarms, and hiring sufficient staff. *Id*. ¶ 3. The plaintiff informed the defendant of only one of the six concerns before filing the report. Defendant's SMF ¶ 5; Plaintiff's Responsive SMF ¶ 5.[3] That issue was the only item in the report

---

[1] The plaintiff's qualification of portions of this paragraph of the defendant's statement of material facts does not address the portion stated above, which is admitted. Plaintiff's Responsive SMF ¶ 1.
[2] The text includes only that portion of paragraph 3 of the defendant's statement of material facts that is admitted by the plaintiff. Plaintiff's Responsive SMF ¶ 3.
[3] The plaintiff qualifies her response to this paragraph of the defendant's statement of material facts by denying an inference that neither the defendant nor the court has drawn from the portion of the paragraph that provides the basis for the sentence in the text.

of which the plaintiff had personal knowledge. *Id.* ¶ 6.[4] Robinson was working on this issue at the time. *Id.* ¶ 7.[5] An employee may, and has a duty to, report suspected abuse, exploitation, and neglect directly to DHHS. *Id.* ¶ 11. The defendant has policies requiring employees also to report any issues of suspected abuse and neglect to a supervisor. *Id.* ¶ 12.[6] The plaintiff is a mandated reporter and is aware of the defendant's policies requiring its employees to report incidents of abuse, neglect, and exploitation to DHHS. *Id.* ¶ 14.

On or about May 5, 2010, the plaintiff told Olson that she was concerned that one of the defendant's clients who performed maintenance and office work for the defendant had not been timely paid for that work. Plaintiff's SMF ¶ 13; Defendant's Responsive SMF ¶ 13. In August 2010, the plaintiff again told Olson that she was concerned about untimely payment to the same client and told him that she did not want to have to report what she considered exploitation. *Id.* ¶ 14. Prior to the plaintiff's report to DHHS, other worker/clients as well were not timely paid for their work. *Id.* ¶ 16. The plaintiff believed that untimely payment for work performed by the defendant's worker/clients violated employment law. *Id.* ¶ 17. The plaintiff's DHHS report accelerated the defendant's response to the concerns she raised. *Id.* ¶ 19. Olson never responded to the plaintiff regarding her concerns. *Id.* ¶ 20.

On or about September 14, 2010, the plaintiff learned that electricity had been turned off in two homes run by the defendant, which she believed was caused by the defendant's failure to pay Central Maine Power Company. *Id.* ¶ 22. Between January 2010 and January 2011, the defendant received many overdue notices and disconnection notices from Central Maine Power

---

[4] The plaintiff's qualification of this paragraph of the defendant's statement of material facts, Plaintiff's Responsive SMF ¶ 6, does not affect the substance of the paragraph that is included in the text.
[5] Again, the plaintiff's qualification of this paragraph of the defendant's statement of material facts, Plaintiff's Responsive SMF ¶ 7, does not address the substance of the paragraph, which is therefore deemed admitted.
[6] Again, the plaintiff's qualification of this paragraph of the defendant's statement of material facts, Plaintiff's Responsive SMF ¶ 12, does not address the substance of the paragraph, which is therefore deemed admitted.

Company. *Id*. ¶¶ 23-24. On or about September 15, 2010, the plaintiff learned that, due to faulty windows, an alarm could not be set as required by a behavior plan for one of the residents in a home run by the defendant. *Id*. ¶ 25. In the fall of 2010, the defendant employed two staff in its Portland office who were doing the work of five people. *Id*. ¶ 26.

The plaintiff consulted colleagues, who agreed that she should report these matters to DHHS. *Id*. ¶¶ 27, 28. Pursuant to the defendant's policy, mandated reporters may file a DHHS report directly without first going to a supervisor. *Id*. ¶ 31. The plaintiff had not filed or reviewed a DHHS report before filing her own, and she obtained assistance from a DHHS representative. *Id*. ¶ 33.[7] The day after she filed the report, the plaintiff told Olson that she had done so. *Id*. ¶ 35. On or about September 18, 2010, the plaintiff forwarded a summary of her DHHS report to Kasai Mumpini, one to the two owners of the defendant, informing him that she was concerned that Robinson would not deal constructive with the "systemic issues" that she raised, but instead would treat the area directors and program managers involved "harshly, intimidating them and issuing corrective actions." *Id*. ¶¶ 10, 36-37. Although Mumpini told Robinson to meet with the plaintiff about her DHHS report, he did not do so. *Id*. ¶ 41.

When Olson met with the plaintiff, he did not discuss the substance of the concerns raised in her DHHS report, other than to tell her that the issues were "being addressed." *Id*. ¶ 43. He told her that he otherwise had no problem with her job performance. *Id*. ¶ 44. After the plaintiff filed her DHHS report, Olson ignored her, would not make eye contact, became less responsive to her email, rolled his eyes when reference was made to her, and marginalized her. *Id*. ¶ 47.[8] The plaintiff and Robinson had little contact following her DHHS report. *Id*. ¶ 48.

---

[7] The defendant's qualification of this paragraph of the plaintiff's statement of material facts, Defendant's Responsive SMF ¶ 33, does not affect the substance of this sentence in the text.
[8] The defendant's qualification of this paragraph of the plaintiff's statement of material facts, Defendant's Responsive SMF ¶ 47, does not affect the substance of this sentence in the text.

During the week of September 20, 2010, Robinson cancelled a meeting with the plaintiff that had been scheduled to discuss revisions to the training policy. *Id*. ¶ 49. The meeting was not rescheduled, and Robinson revised the policy without the plaintiff's input, disseminating it in early November 2010. *Id.* Robinson and Olson discussed the plaintiff in a negative manner on multiple occasions, agreeing that she appeared to have "her own agenda," and they tried to "align her agenda with the organization's agenda so that we could have as harmonious an environment as possible." *Id*. ¶ 51.[9] Other managers found the plaintiff very professional, good to work with, and helpful at solving problems. *Id*. ¶ 53.

The defendant uses a video conferencing system known as Lifesize to conduct meetings between its offices in Portland, Maine, and Concord, New Hampshire. Defendant's SMF ¶ 17; Plaintiff's Responsive SMF ¶ 17. On December 2, 2010,[10] Robinson entered the conference room in Concord and saw the plaintiff, Dr. Elise Magnuson, Christine Tiernan, and Beth Sullivan in the Portland conference room; then other employees arrived. *Id*. ¶ 19.[11] Robinson could hear the plaintiff talking to other employees. *Id*. ¶ 20.[12] The plaintiff made several statements prior to the beginning of the meeting, including the following: statements about the process for training recertification, the lack of support from upper management to develop effective teamwork, and how that affected training. *Id*. ¶ 22.[13]

---

[9] The defendant's qualification of this paragraph of the plaintiff's statement of material facts, Defendant's Responsive SMF ¶ 51, does not affect the substance of this sentence in the text.

[10] The paragraph in which this date appears is not supported by any citation to the record, Defendant's SMF ¶ 18, and thus ordinarily the date could not be considered in connection with the motion for summary judgment. However, the date is necessary to give a complete picture of the factual circumstances underlying the plaintiff's claims, and the date does not appear to be in dispute.

[11] The plaintiff's qualification of this paragraph of the defendant's statement of material facts merely states that she "reserves the right to cross examine the witness on these points." Plaintiff's Responsive SMF ¶ 19. This statement is not a qualification and is inappropriate in the summary judgment context.

[12] See note 19 above.

[13] Again, the plaintiff's qualification of this paragraph of the defendant's statement of material facts does not address the substance of the paragraph, Plaintiff's Responsive SMF ¶ 22, which is deemed admitted.

At the meeting, the plaintiff talked about her belief that the training recertification process was not as productive as it should be and that it could be more effective. *Id*. ¶ 23.[14] The plaintiff also said that she had never worked in an organization where policies were written by one person rather than by a committee and approved by a board. *Id.* ¶ 24.[15] Robinson believed that the employees other than the plaintiff were agreeing with her. *Id*. ¶ 33.[16] He testified that "people vent about the boss, it's what happens, it might have felt different except that she was talking about having me removed from my position" and "rallying" the other employees. Plaintiff's SMF ¶ 57; Defendant's Responsive SMF ¶ 57. Robinson felt embarrassed and demeaned by what he heard. Defendant's SMF ¶ 27; Plaintiff's Responsive SMF 27.[17] He said that he terminated the plaintiff due to what she said about him and what he saw as her attempt to "rally" other employees. Plaintiff's SMF ¶ 57; Defendant's Responsive SMF ¶ 57. At the time, he texted some of the employees, including Dr. Magnuson, to inform them that he could see them and hear what they were saying. Defendant's SMF ¶¶ 28-29; Plaintiff's Responsive SMF ¶¶ 28-29.[18]

Robinson informed Olson of his decision to terminate the plaintiff. *Id. ¶* 31.[19] He told Heidi Johnson, the human resources director, to prepare a termination letter and that the plaintiff

---

[14] The plaintiff's denial of an "inference" in this paragraph of the defendant's SMF, Plaintiff's Responsive SMF ¶ 23, does not affect the factual assertions in the paragraph, which she admits.
[15] That portion of this paragraph of the defendant's statement of material facts that is denied by the plaintiff, Plaintiff's Responsive SMF ¶ 24, is not included in the text.
[16] The plaintiff's denial of this paragraph of the defendant's statement of material facts, Plaintiff's Responsive SMF ¶ 33, does not cite any record evidence contradicting Mr. Robinson's statement of his own belief, which is the record evidence cited in support of the paragraph. The statement concerning Mr. Robinson's belief is therefore deemed admitted.
[17] The plaintiff's partial denial of this paragraph of the defendant's statement of material facts merely states that she "reserves the right to cross examine Mr. Robinson on this point." Plaintiff's Responsive SMF ¶ 27. This statement is not a denial and is inappropriate in the summary judgment context.
[18] That portion of paragraph 28 of the defendant's statement of material facts that is denied by the plaintiff, Plaintiff's Responsive SMF ¶ 28, is not included in the text.
[19] The plaintiff objects to this paragraph of the defendant's statement of material facts as inadmissible hearsay. Plaintiff's Responsive SMF ¶ 31. It is not hearsay, and the objection is overruled. In the alternative, the plaintiff purports to deny an "inference" in this paragraph. *Id*. For the reasons discussed above, the paragraph is deemed admitted.

was being terminated for insubordination and creating disharmony in the workplace. *Id*. ¶ 35.[20] Olson had previously suggested the use of the phrase "creating disharmony in the workplace" because he had used it at his prior place of employment. *Id*. ¶ 36.[21] When he used the phrase "creating disharmony in the workplace," Olson viewed it as being inclusive of insubordination. *Id*. ¶ 38.[22]

Olson conducted the termination meeting with the plaintiff on December 6, 2010. *Id*. ¶ 37. Before that date, other than being admonished about the DHHS report, the plaintiff had never been counseled or disciplined. Plaintiff's SMF ¶ 65; Defendant's Responsive SMF ¶ 65. When the plaintiff asked what it was that led to the decision to terminate her, Johnson said that they did not have to provide a reason. *Id*. ¶ 67. No other employee was disciplined for participating in the conversation that Robinson overheard. *Id*. ¶ 73.[23] The defendant's employee handbook includes a progressive discipline policy with four steps that may be bypassed, but it states that going directly to termination is reserved for "extreme situations." *Id*. ¶ 75.

---

[20] The plaintiff objects to this paragraph of the defendant's statement of material facts as hearsay, Plaintiff's Responsive SMF ¶ 35. It is not hearsay, and the objection is overruled. The plaintiff's alternate denial of this paragraph is based on the testimony of Johnson, which is not inconsistent with the testimony of Mr. Robinson, which is the basis of this paragraph of the defendant's statement of material facts. The denial does not create a dispute of material fact and the paragraph accordingly is deemed admitted.

[21] The plaintiff objects to this paragraph of the defendant's statement of material facts as hearsay. Plaintiff's Responsive SMF ¶ 36. It is not hearsay, and the objection is overruled. The plaintiff again asserts the unnecessary "right to cross examine the witness[] on this point." *Id.*

[22] The plaintiff admits that this statement is supported by the citation given to the summary judgment record, but denies the paragraph as "subjective and self-serving." Plaintiff's Responsive SMF ¶ 38. This is not a basis for denial under Local Rule 56 and is impermissible argument, rather than a factual statement. The paragraph is deemed admitted.

[23] The defendant's qualification of this paragraph of the plaintiff's statement of material facts, Defendant's Responsive SMF ¶ 73, does not affect the substance of this sentence in the text.

Robinson and Olson had talked about terminating other employees for creating disharmony in the workplace, but may not have put it on the termination paperwork. Defendant's SMF ¶ 40; Plaintiff's Responsive SMF ¶ 40.[24] Other employees were fired for insubordination. *Id.*

The plaintiff believes that she was terminated for making the report to DHHS because she was treated differently, primarily by Olson, after she made the report. *Id.* ¶ 41.[25]

### III. Discussion

The defendant makes three arguments: 1) that the plaintiff was required by the defendant's reporting policy to report suspected abuse, neglect, or exploitation directly to DHHS and, therefore, her report was not a protected activity under the Maine Whistleblower Protection Act; 2) that the plaintiff failed to report five of the six claims in her DHHS report to the defendant, which is "fatal to that portion of her claim" under the Maine Whistleblower Protection Act and the Maine Human Rights Act; and 3) that there is no causal connection between the plaintiff's report to DHHS and her termination approximately three months later. Defendant's Motion for Summary Judgment ("Motion") (ECF No. 22) at 6-11.

#### A. Protected Activity

"[T]he usual rule in Maine is that a plaintiff's reports are not whistleblowing if it is part of his or her job responsibilities to make such reports, particularly when instructed to do so by a superior." *Winslow v. Aroostook County,* 736 F.3d 23, 32 (1st Cir. 2013). The defendant contends that it was part of the plaintiff's job responsibilities to make such reports. Motion at 6-8.

---

[24] The plaintiff objects to this sentence as inadmissible hearsay. Plaintiff's Responsive SMF ¶ 40. It is not hearsay, and the objection is overruled. The plaintiff admits the remainder of this paragraph, all of which is, therefore, deemed admitted.

[25] The plaintiff's denial of a specific "inference" that she draws from this paragraph of the defendant's statement of material facts, Plaintiff's Responsive SMF ¶ 41, is not a denial of the factual assertion made in the paragraph, which the plaintiff admits.

The defendant relies on its Mandated Reporting Obligations Policy, with which it asserts the plaintiff was familiar, and, indeed, concerning which she trained other employees. *Id.* at 6. The plaintiff agrees that any employee of the defendant has a duty to report suspected abuse, exploitation, and neglect directly to DHHS. Defendant's SMF ¶ 11; Plaintiff's Responsive SMF ¶ 11. The plaintiff was a "mandated reporter" and was aware of the defendant's policies which required its employees to report abuse, neglect, and exploitation to DHHS. *Id.* ¶ 14.

The plaintiff responds, adding a significant word to the *Winslow* standard, that her *regular* job duties did not include "reporting untimely payment of a GBC worker/client" or "ensuring electricity and working alarms in GBC-run homes, [and] hiring sufficient staff[.]" Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Opposition") (ECF No. 23) at 9, 10 (emphasis added). It is unlikely that *any* employee includes among his or her "regular" job duties the reporting of suspected abuse, exploitation, or neglect within the employer's business. More important, the First Circuit's language in *Winslow* cannot reasonably be read to be limited to reporting that is a "regular" job duty. Rather, the court discusses the plaintiff's communicating of information "as part of her job responsibilities" and her communication "because she thought it was among her responsibilities to do so." 736 F.3d at 32.

Here, the plaintiff thought that it was her duty to make the reports that she made. Plaintiff's SMF ¶¶ 27-29, 32; Defendant's Responsive SMF ¶¶ 27-29, 32. In addition, the job duties of every employee of the defendant included reporting abuse, neglect, and exploitation to her supervisors and to DHHS, Defendant's SMF ¶ 14; Plaintiff's Responsive SMF ¶ 14, which the plaintiff did in this case. Plaintiff's SMF ¶¶ 13-14, 32, 35-36, Defendant's Responsive SMF ¶¶ 13-14, 32, 35-36.

11

The plaintiff cites case law interpreting state whistleblower protection statutes in effect in Minnesota and North Dakota. Opposition at 10. Each is limited to construction of those specific statutes. *Mosley v. Alpha Oil & Gas Servs., Inc.*, 962 F.Supp.2d 1090 (D. N. Dak. 2013) (North Dakota statute); *Nelson v. County of St. Louis*, No. A10-676, 2011 WL 382630 (Minn. App. Feb. 8, 2011) (Minnesota statute); *Kidwell v. Sybaritic, Inc.*, 784 N.W.2d 220 (Minn. 2010) (same). Those opinions make a distinction, under specific state whistleblower protection statutes, between employees whose explicit duties are to report wrongdoing and employees who are generally required to report violations that they observe. In the case at hand, however, the First Circuit, whose rulings are binding in this court, has construed the Maine statute at issue. Indeed, the First Circuit in *Winslow* cited *Kidwell* as a comparable case, but held that the plaintiff's reporting of a perceived violation of federal law inherent in the conditions of her employment was not protected activity under the Maine Whistleblowers' Protection Act. 736 F.2d at 29, 32.[26] Accordingly, the plaintiff's protestations that the specific violations that she reported were "outside [her] area of responsibilities," Opposition at 9, does not distinguish this case from *Winslow*.

The plaintiff's report to the defendant and her reports to DHHS were not protected activity under the Maine Whistleblowers' Protection Act.

### B. Other Arguments

The First Circuit's construction of the Maine Whistleblowers' Protection Act is dispositive in this case, making it unnecessary to consider the defendant's remaining arguments.

---

[26] The Maine Human Rights Act, which is invoked by the plaintiff in addition to the Maine Whistleblowers' Protection Act ("MWPA"), Complaint at 8-9, provides the cause of action for an alleged violation of the MWPA. *Winslow*, 736 F.3d at 30 n.6.

## IV. Conclusion

For the foregoing reasons, I recommend that the defendant's motion for summary judgment be **GRANTED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge